IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZEEM MODAK, | No. C 08-5118 CW |
| Plaintiff, | ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND TRANSFERRING CASE |
| v. | |
| ALARIS COMPANIES, LLC; FRONTIER DRILLING USA, INC., | |
| Defendants. | |

Defendants Frontier Drilling USA, Inc. (Frontier) and Alaris Companies, LLC (Alaris), relying on Federal Rule of Civil Procedure 12(b)(3), move to dismiss this action based on improper venue. In the alternative, relying on 28 U.S.C. § 1404(a), Defendants move to transfer venue to the Southern District of Texas for the convenience of parties and witnesses. Plaintiff Azeem Modak opposes these motions. Having considered the parties' papers, the Court DENIES Defendants' motion to dismiss. For the reasons stated below, the Court transfers this action to the Southern District of Texas.

BACKGROUND

Plaintiff, a resident of Bothell, Washington, worked as a crew member aboard the Frontier Discoverer, a vessel owned by Defendant Frontier. Plaintiff alleges that on or about October 1, 2007 he suffered physical injuries while working aboard the Frontier

Discoverer in Alaskan waters. Plaintiff received medical treatment for his injuries in Alaska and Washington. At the time of his injuries, Plaintiff alleges, he was employed by Defendants Frontier and Alaris.

On November 10, 2008, Plaintiff filed this action against Defendants in the Northern District of California. Plaintiff claims negligence under the Jones Act,[1] 46 U.S.C. § 30104, and, under general maritime law, 28 U.S.C. § 1333(1), he claims unseaworthiness,[2] maintenance and cure,[3] and attorneys' fees and costs. Plaintiff has no connection with the Northern District of California and none of the events which gave rise to his claims occurred here.

Frontier is a Norwegian company in the business of supplying on- and off-shore drilling and production services for customers in the oil industry. Frontier maintains administrative offices in Houston, Texas, within the Southern District of Texas. It claims that it conducts no business in the state of California. Alaris is a United States-based company in the business of providing ship management, maritime staffing, vessel crewing, marine engineering,

---

[1] The Jones Act provides for an in personam action for a seaman who suffers injury in the course of employment due to negligence of his employer, the vessel owner, or crew. Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 441 (2001).

[2] "Unseaworthiness" is a claim under general maritime law based on the employer's duty to ensure that the vessel is reasonably fit to be at sea. Lewis, 531 U.S. at 441.

[3] A claim for maintenance and cure addresses the employer's obligation to provide food, lodging, and medical services to a seaman injured while serving on the vessel. Lewis, 531 U.S. at 441.

2

United States District Court
For the Northern District of California

and project management services to customers in the maritime industry, including Frontier. Its offices are located in Petaluma, California. Alaris has routine business contacts within the Southern District of Texas.

According to Defendants, three key witnesses, who were working on the Frontier Discoverer when Plaintiff allegedly suffered his injuries, live in or near the Southern District of Texas. Def.s' Ex. B, Souza Aff. at 1. Defendants claim that each of these individuals spoke to and observed Plaintiff before and after his alleged injuries. Id.

## LEGAL STANDARD

A defendant may raise a Rule 12(b)(3) motion to dismiss for improper venue in its first responsive pleading or by a separate pre-answer motion. Fed. R. Civ. P. 12(b)(3). Once the defendant challenges venue, the plaintiff bears the burden of establishing that venue is proper. Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979).

When considering a Rule 12(b)(3) motion to dismiss, the pleadings need not be accepted as true, and the court "may consider facts outside of the pleadings." Richardson v. Lloyd's of London, 135 F.3d 1289, 1292 (9th Cir. 1998). If the court determines that venue is improper, it may dismiss the case, or, if it is in the interest of justice, transfer it to any district in which it properly could have been brought. 28 U.S.C. § 1406(a); Dist. No. 1, Pac. Coast Dist. v. Ala., 682 F.2d 797, 799 (9th Cir. 1982). Even if the court determines that venue is proper, it may still transfer for the convenience of parties and witnesses, in the

3

interest of justice.  28 U.S.C. § 1404(a).  In either case, the decision to transfer rests in the discretion of the court. 28 U.S.C. § 1404(b); King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992)(holding that the trial court did not abuse its discretion under 28 U.S.C. § 1406(a) when it chose to dismiss, and not transfer, the action because of improper venue).

## DISCUSSION

### I.  Improper Venue

Defendants claim that venue is improper under the rules of the general venue statute, 28 U.S.C. § 1391(b).  Plaintiff, however, asserts jurisdiction under the Jones Act and general maritime law. Therefore, venue is analyzed under the three bodies of law.

### A.  Jones Act Venue

Under the Jones Act, a seaman may bring a federal cause of action against his or her employer for physical injuries suffered during the course of employment.  46 U.S.C. § 30104.  Until recently, the Jones Act contained an independent venue provision that allowed venue only "in the judicial district in which the employer resides or the employer's principal office is located." 46 U.S.C. 30104(b) repealed by Pub. L. No. 110-181, § 3531, 122 Stat.3 (2008).  According to the House of Representatives committee that proposed the repeal,

> This subsection is being repealed to make clearer that the prior law regarding venue, including the holding of Pure Oil Co. v. Suarez, 384 U.S. 202 . . . (1966) and cases following it, remains in effect, so that the action may be brought wherever the seaman's employer does business.

H.R. Rep. No. 110-437, § 3 (2008).

4

In <u>Pure Oil</u>, the Supreme Court held that venue for a seaman's Jones Act claim could be maintained under general venue statute 28 U.S.C. § 1391(c), pursuant to which the defendant corporation could be sued in any district in which it transacted business, even though the Jones Act had its own, more restrictive, venue provision. 384 U.S. at 207. In <u>Go-Video, Inc. v. Akai Elec. Co., Ltd.</u>, the Ninth Circuit interpreted the <u>Pure Oil</u> holding as standing for the broader principle that the general venue statute applies across the board absent clear Congressional intent to the contrary. 885 F.2d 1406, 1409 (9th Cir. 1989). Therefore, under <u>Pure Oil</u> and <u>Go-Video, Inc.</u>, the general venue statute applies to Plaintiff's Jones Act claim.

B.  General Venue Statute

Defendants correctly assert that venue is improper under the general venue statute, 28 U.S.C. § 1391(b). Because Plaintiff's action arises under the Jones Act and general maritime law, jurisdiction is not based on diversity of citizenship, and 28 U.S.C. § 1391(b) provides the appropriate framework. Pursuant to 28 U.S.C. § 1391(b):

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

1.  Residence

Venue does not lie in this district under 28 U.S.C.

5

§ 1391(b)(1) because although Alaris has sufficient contacts with and, therefore, "resides" in California, Frontier does not. For the purposes of the general venue statute, corporations are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action commenced. 28 U.S.C. § 1391(c).

There are two independent limitations on a court's power to exercise personal jurisdiction over a non-resident defendant: the applicable state personal jurisdiction rule and constitutional principles of due process. Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990); Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1286 (9th Cir. 1977). California's jurisdictional statute is co-extensive with federal due process requirements; therefore, jurisdictional inquiries under state law and federal due process standards merge into one analysis. Rano v. Sipa Press, Inc., 987 F.2d 580, 587 (9th Cir. 1993).

The exercise of jurisdiction over a non-resident defendant violates the protections created by the due process clause unless the defendant has "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Personal jurisdiction may be either general or specific.

General jurisdiction exists where the defendant's contacts with the forum state are so substantial or continuous and systematic that jurisdiction exists even if the cause of action is unrelated to those contacts. Bancroft & Masters, Inc. v. Augusta

6

Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). The standard for establishing general jurisdiction is "fairly high." Id.; Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986). The defendant's contacts must approximate physical presence in the forum state. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004). Factors considered in evaluating the extent of contacts include whether the defendant makes sales, solicits or engages in business, designates an agent for service of process, holds a license, or is incorporated in the forum state. Bancroft & Masters, Inc., 223 F.3d at 1086.

Specific jurisdiction exists where the cause of action arises out of or relates to the defendant's activities within the forum. Data Disc, Inc., 557 F.2d at 1286. Specific jurisdiction is analyzed using a three-prong test: (1) the non-resident defendant must purposefully direct its activities or consummate some transaction with the forum or a resident thereof, or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987). Each of these conditions is required for asserting jurisdiction. Insurance Co. of N. Am. v. Marina Salina Cruz, 649 F.2d 1266, 1270 (9th Cir. 1981).

A showing that a defendant "purposefully availed" itself of the privilege of doing business in a forum state typically consists

7

of evidence of the defendant's actions in the forum, such as executing or performing a contract there. Schwarzenegger, 374 F.3d at 802. The requirement of purposeful availment ensures that the defendant should reasonably anticipate being haled into the forum state court based on its contacts. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). The purposeful availment test is met if "the defendant has taken deliberate action within the forum state or if he has created continuing obligations to forum residents." Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995).

Defendants concede that Alaris' offices are located in Petaluma, within the Northern District of California. Def.s' Ex. C, Wolff Aff. Thus, Alaris resides in this district.

However, Defendants allege that Frontier has no contacts with either this district or California. Def.s' Ex. B, Souza Aff. at 1. In his response, Plaintiff provides no evidence to contradict this allegation. Further, Plaintiff argues neither general nor specific jurisdiction. Instead, he contends that jurisdiction in the Northern District of California is proper because it can be reasonably inferred that Frontier does business here. Plaintiff's claims are not persuasive.

      a. Contractual Relations

First, Plaintiff asserts that the Court's jurisdiction over Frontier is properly based on Defendants' "contractual relation." The Supreme Court, however, has clearly established that the formation of a contractual relationship with a resident is not, in itself, sufficient to create specific jurisdiction over a non-resident. Id. at 478.

8

### b. Hiring Process

Plaintiff also claims that the Court has jurisdiction over Frontier based on Defendants' "joint participation" in hiring him to work aboard Frontier's vessel. He cites no controlling authority for this proposition. Other federal courts, however, have addressed the issue of how an out-of-state employer's hiring practices can subject it to specific personal jurisdiction in a forum. Potts v. Cameron Offshore Boats, Inc., 401 F. Supp. 2d 733, 737 (S.D. Tex. 2005).

In Potts, the plaintiff, a Texas resident, sued the defendant, an out-of-state corporation, for physical injuries that he sustained while working aboard the defendant's off-shore vessel. Id. at 735. The defendant alleged that it had no business contacts with the forum, but conceded that it had used a Texas recruiter to hire the plaintiff. Id. at 735. The court held that personal jurisdiction was proper because the defendant "must have expected to be haled into court in Texas should a dispute arise in relation to the employment of [Texas] workers." Id. at 737. The court based its holding on the fact that the defendant and its recruiter had an established process through which the defendant regularly hired Texas workers. Id. Among other things, this process included advertising and referral-fee plans through which the defendant hired thirty-one Texas workers, including the plaintiff, over a three-year period. Id.

This case is distinguishable from Potts. Unlike the plaintiff in Potts, Plaintiff here makes no showing that Frontier has any recruiting process in California, established or otherwise. The

9

record contains no employment statistics or other evidence showing the number of workers Frontier contacts or hires from this forum. Lastly, Plaintiff fails to show how such a process or Defendants' "joint participation" resulted in his hiring. Without evidence such as this, the Court cannot find that Frontier's hiring process would subject it to personal jurisdiction in this forum.

### c. Defendants' Interaction

Plaintiff claims that the Court has personal jurisdiction over Frontier based on its "interaction" with Alaris. Plaintiff, however, fails to define such interaction or to distinguish it from Defendants' contractual relationship or hiring practices, neither of which justify personal jurisdiction over Frontier. The Court cannot find that personal jurisdiction over Frontier is proper based solely on Plaintiff's claim that Frontier interacts with Alaris.

### d. Internet Contacts

Plaintiff claims that the Court has jurisdiction over Frontier because "Frontier advertises in California, on the internet, for employees." In support of his claim, Plaintiff provides a print-out copy of Frontier's "Employment" website. Pl.'s Dec., Ex. 6. The website contains general information about off-shore and corporate employment opportunities, as well as hyperlinks that prospective employees can use to fill out and submit resumes and online employment applications. Neither California, nor any other state, is mentioned on the website.

The Ninth Circuit addressed personal jurisdiction in the

context of internet-only contacts in Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 415 (9th Cir. 1997). The plaintiff, an Arizona corporation, sued the defendant, a Florida corporation, in the District of Arizona for allegedly infringing on the plaintiff's service mark. Id. The defendant provided general business services over the internet, and had a website which contained a hyperlink allowing internet users to sign up, list their addresses, and indicate interest in its business services. Id. at 415-16. The plaintiff claimed that specific jurisdiction was proper in any jurisdiction, including Arizona, because the alleged infringement occurred on the defendant's website, which could be accessed from anywhere. Id. at 416.

The Cybersell court applied a sliding scale analysis under which jurisdiction is directly proportionate to the nature and quality of the defendant's commercial activity conducted through the internet. Id. at 419. The court found that the defendant conducted no commercial activity over the internet in the forum and did nothing to encourage people in the forum to access its website. Id. at 419-20. Despite the defendant's website's seemingly interactive qualities, the Cybersell court concluded that the website was essentially "passive" and therefore specific personal jurisdiction was not proper because the defendant had not purposefully availed itself of the forum. Id.

Here, Frontier's website is more passive than the website at issue in Cybersell. Frontier's website provides only general information about its services and employment opportunities. Like the website in Cybersell, Frontier's website provides a hyperlink

11

through which internet users can transmit personal information to it. But, unlike the defendant there, Frontier does not provide business services over the internet. Furthermore, Plaintiff makes no showing that Frontier's website specifically targets prospective employees in the Northern District of California. Therefore, Frontier's website does not provide a basis for personal jurisdiction.

### e. Sweeping Nature of Business

Lastly, Plaintiff seems to claim that jurisdiction is proper based on "the sweeping nature of [Frontier's] business." He makes general references to vendors, joint ventures and assets that Frontier has in California, but offers no evidence. Absent a factual showing of such contacts, this is not a proper basis for personal jurisdiction.

## 2. Events Giving Rise To Claim

Venue does not lie under 28 U.S.C. § 1391(b)(2) because all events or omissions giving rise to Plaintiff's claim occurred outside the Northern District of California. Plaintiff suffered his alleged injuries onboard the Frontier Discoverer while in Alaskan waters, and he received medical treatment for his injuries in Alaska and Washington. Furthermore, neither the vessel nor any other property that is the subject of this action is situated in the Northern District of California.

## 3. Alternative Fora

Lastly, venue does not lie under 28 U.S.C. § 1391(b)(3) because this action may be brought in the Southern District of Texas, to which Defendants seek transfer. Venue is proper in that

12

forum because both Frontier and Alaris are subject to personal jurisdiction and therefore are deemed to reside there pursuant to 28 U.S.C. § 1391(c). In sum, venue in this district is not proper under 28 U.S.C. § 1391(b).

### C. General Maritime Law

Under Rule 82 of the Federal Rules of Civil Procedure, maritime claims are not treated as civil claims for the purposes of the general venue statutes, 28 U.S.C. § 1391-93, and have been traditionally allowed a more generous choice of forum. Pure Oil Co., 384 U.S. at 205. In an in personam maritime claim, venue is proper wherever the defendant can be personally served or where its property or credits can be attached. In re Louisville Underwriters, 134 U.S. 488, 493 (1890).

Here, Plaintiff properly invokes the Court's maritime jurisdiction. See 28 U.S.C. § 1333. However, Plaintiff makes no showing that Frontier may be personally served in the Northern District of California through, for example, an agent for service of process. Plaintiff provides no proof of service of process. Further, Plaintiff shows no evidence that Frontier owns property that can properly be attached in this forum. He alleges that Frontier has assets here, but he does not specify what or where these assets are. Based on the absence of such evidence, and on the Court's finding that it does not have personal jurisdiction over Frontier, venue is improper under general maritime law.

## II. Additional Discovery

Plaintiff requests that the Court allow it take discovery on the issue of venue. Citing Laub v. United States, 342 F.3d 1080,

1093 (9th Cir. 2003), Plaintiff claims that "it would be an abuse of the Court's discretion to refuse [his] discovery." Plaintiff's argument is unpersuasive.

The relevant issue in Laub was whether a court should allow additional discovery to establish personal jurisdiction, not venue. Id. However, in Laub, the court explained that "a refusal to grant discovery to establish jurisdiction is not an abuse of discretion when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." Id. at 1093. Because Plaintiff does not make a showing of how discovery could produce facts that would constitute a basis for personal jurisdiction, Laub does not support his request.

Furthermore, although "it may be appropriate to hold a Rule 12(b)(3) motion in abeyance until the district court holds an evidentiary hearing on disputed facts" if "genuine factual issues are raised," Murphy, 362 at 1139, no such genuine factual issues are raised here. Plaintiff merely argues that it would be reasonable to find that Frontier is doing business in California. Thus, there is no basis to conclude that additional discovery will yield facts sufficient to constitute a basis for jurisdiction and, thereby, venue. Based on the foregoing, the Court denies Plaintiff's request for additional discovery.

III. Transfer of Venue

Because venue is improper, the Court must dismiss the action, or, in the alternative, may transfer it if it would be in the interests of justice. 28 U.S.C. § 1406(a). Whether transfer is in the interest of justice is a decision that rests within the

14

discretion of the Court.  King, 963 F.2d at 1304.  Here, transfer is appropriate because Plaintiff's complaint states a claim which, if proved, would appear to entitle Plaintiff to damages.

The Court may transfer this action to any district in which it properly could have been brought.  28 U.S.C. § 1406(a).  Here, Plaintiff could have brought this action in the Southern District of Texas.  Frontier's principal place of business is there, and Alaris concedes that jurisdiction over it is also proper there.  Accordingly, this action will be transferred to the United States District Court for the Southern District of Texas.

## CONCLUSION

Based on the foregoing, venue is not proper in the Northern District of California.  The Court, however, denies Defendants' motion to dismiss, because dismissal would not be in the interest of justice.  Instead, the Court transfers this action to the Southern District of Texas pursuant to 28 U.S.C. § 1406(a).  The Clerk shall transfer the file.

IT IS SO ORDERED.

Dated:  4/17/09

_____
CLAUDIA WILKEN
United States District Judge

15